549 So.2d 350 (1989)
Doloris D. JONES
v.
Patricia R. KING, Presidential Fire and Casualty Insurance Company, Budget/Sears Rent A Car and Geico Insurance Company.
Nos. 89-CA-86, 89-CA-87.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1989.
Rehearing Denied October 17, 1989.
Writ Denied December 1, 1989.
Fred W. Trowbridge, Jr., New Orleans, for plaintiff-appellee.
James L. Donovan, Jr., Metairie, for defendant-appellant Budget Rent A Car of New Orleans, Inc.
Before CHEHARDY, GAUDIN and GOTHARD, JJ.
GAUDIN, Judge.
If a self-insured car rental agency rents an automobile and at the same time insures it, the agency may place itself in the position of a vehicle liability insurer and thus it must give the renter an opportunity to reject uninsured motorist coverage; otherwise, uninsured motorist benefits are provided.
A trial judge so held in the 24th Judicial District Court, following Ashline v. Simon, 466 So.2d 622 (La.App.5th Cir.1985), writs denied at 472 So.2d 28 (La.1985). We affirm.
The facts are these:
Doloris Jones rented a 1986 Chrysler LeBaron from Budget Rent A Car of New Orleans, Inc., a self-insured corporation. Jones was involved in a collision with another vehicle and she was severely injured.
She then filed suit against (1) the other driver, (2) the other car's insurance company, (3) Geico, her own UM carrier, and (4) Budget, claiming that UM benefits were furnished under the rental contract. Prior to trial, Jones' claims against (1), (2) and (3) were compromised, leaving only Budget as a viable defendant. Following trial, the district judge said:
"... the Court finds Budget, a self-insurer, was required to provide Mrs. Jones with uninsured motorist coverage pursuant to LSA-R.S. 22:1406(D) in the same amount as the limits of bodily injury liability provided by the policy, absent a rejection of the uninsured motorist coverage by Mrs. Jones.
"There was no opportunity for Mrs. Jones to reject coverage. Budget could *351 have obtained a rejection of the coverage at the time of signing of the rental agreement, or charged `extra' for U.M. coverage if such coverage was elected.
"Because there was no proper rejection of U.M. coverage, the Court finds that limits of $10,000/$20,000 apply to the uninsured motorist coverage of Mrs. Jones as these were the limits set out in the policy."
On appeal, Budget cites Harrison v. Petri, 468 So.2d 666 (La.App. 4 Cir.1985), and Jordan v. Honea, 407 So.2d 503 (La.App. 1 Cir.1981), which held that self-insurers do not have to provide UM coverage to its employees (Harrison) or to guest passengers in automobies driven by employees (Jordan.)
Jones, however, was not a Budget employee. In Ashline v. Simon, supra, this Court discussed at length Louisiana's Motor Vehicle Safety Responsibility Law, particularly LSA-R.S. 22:1406(D), which provides:
"No Automobile Liability Insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle or motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of the bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this subsection shall not be applicable where any insured named in the policy shall reject the coverage or select lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer."
The Ashline court went on to state that Hertz Rental Corporation, although certified by the insurance commissioner as a self-insurer in accord with LSA-R.S. 32:1042, was required, when renting a vehicle, to allow the renter to either accept or reject UM coverage. A firm provision in Hertz's contract stating that the renter rejects UM coverage was found to violate "... the public policy inherent in the UM statute." A Hertz customer had no choice; he or she had to decline UM coverage. The Ashline holding: A mandatory condition of rejection violates public policy; an option to reject is required.
See also Pollard v. Champion Ins. Co., 532 So.2d 838 (La.App. 4 Cir.1988), writs denied at 533 So.2d 374 (La.1988), which held (1) that a rental company (Budget) was deemed to provide UM coverage to renter when the contract provided liability insurance even though the rental company was self-insured and (2) that a clause in the contract saying that coverage did not apply to damages caused by uninsured motorists was not a sufficient rejection of UM coverage.
For these reasons, we affirm the August 22, 1988 judgment of the district court with Budget to pay costs of this appeal.
AFFIRMED.