576 So.2d 563 (1991)
Ricardo Augusto PUTZEYS
v.
Linda Marks SCHREIBER, et al.
No. 90-CA-0876.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1991.
Writ Denied May 2, 1991.
*564 Brian J. Waid, Bubrig and Waid, Buras, for plaintiff/appellant.
Quentin F. Urquhart, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for defendants/appellees.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
BARRY, Judge.
Ricardo and Helga Putzeys appeal a summary judgment which dismissed their suit against Mr. Putzey's employer, Rollins, Inc., for alleged injuries from an automobile accident. All material facts were stipulated. At issue is whether the Putzeys can recover underinsured motorist benefits from Rollins as self-insurer of the vehicle Mr. Putzeys was driving and whether the exclusive remedy provisions of the workman's compensation law are applicable.
We affirm.

FACTS
Mr. Putzeys, a pest control technician for Rollins, was injured when Rollins' truck was hit by a car owned by Linda Schreiber and driven by Kevin Schreiber. Mr. Putzeys was in the course and scope of his employment when the accident occurred. The accident was Mr. Schreiber's fault and the Schreiber vehicle was underinsured.
Rollins leased the truck from B & M Equipment, Inc. pursuant to a Standard Leasing Agreement which provides in pertinent part:
INSURANCE: During the lease term, each vehicle shall be covered with the following insurance:
* * * * * *
(ii) Liability insurance naming Lessor as the insured party with limits of no less than $500,000 for any one person for injury or death, $1,000,000 for any one accident for personal injury or death and $100,000 for property damage.
* * * * * *
PERSONS PROTECTED, INSURERS: All insurance referred to above shall protect, as their interests may appear, the Lessor, the Lessee, ..., and any person responsible for the use or operation of the vehicle. All such insurance shall be provided through insurance companies approved by Lessor.
*565 Rollins obtained a liability policy from National Union Fire Insurance Company which provided coverage in favor of Rollins and B & M Equipment in the amount of one million dollars per occurrence with a $250,000 self-insured retention. Rollins qualified as self-insured under La.R.S. 32:1042 and obtained a certificate of self-insurance for the first $250,000 in liability. Rollins rejected U/M coverage under the National Union policy.
Mr. Putzeys sued the Schreibers and their insurer, Champion Insurance Company.[1] Rollins filed a subrogation claim as Putzeys' worker's compensation self-insurer. Mr. Putzeys amended his petition to add Rollins as the U/M insurer of the truck, alleging in the alternative a third party breach of contract claim against Rollins. Mrs. Putzeys joined the suit as a plaintiff. Rollins and the Putzeys filed motions for summary judgment on the Putzeys' demand against Rollins. The court granted Rollins' motion and dismissed the Putzeys' claims.

ASSIGNMENT NO. 1
The Putzeys claim that Rollins breached its leasing contract with B & M by acting as self-insurer for the first $250,000 of liability coverage and that Rollins should not be allowed to profit by the breach. They contend that Mr. Putzeys is an innocent third party who would have been protected if Rollins had strictly complied with the lease agreement.
We disagree. The lease only required Rollins to purchase liability insurance coverage. Rollins had no obligation to carry U/M coverage and it expressly rejected U/M coverage on the one million dollar excess liability policy. Whether Rollins, as self-insured, technically violated the lease requirement that "insurance shall be provided through insurance companies" is irrelevant because Rollins had no contractual obligation to provide U/M coverage.

ASSIGNMENT NO. 2
The Putzeys argue that a self-insurer which is contractually bound to provide insurance coverage assumes the responsibilities of an insurer under Louisiana law.
The B & M lease required that Rollins "cover" its leased vehicles with liability insurance. Self-insurance is one method of complying with the Louisiana Motor Vehicle Safety Responsibility Law (LMVSR), R.S. 32:851-1043.
Plaintiffs cite cases where self-insureds have been required to provide U/M coverage. See Jones v. King, 549 So.2d 350 (La.App. 5th Cir.1989), writ denied 552 So.2d 401 (La.1989); Pollard v. Champion Ins. Co., 532 So.2d 838 (La.App. 4th Cir. 1988), writ denied 533 So.2d 374 (La.1988). Those cases involve auto rental companies which offered liability coverage without giving the lessees the opportunity to accept or reject U/M coverage as required by R.S. 22:1406(D). The rental agencies were found to have voluntarily placed themselves in the position of vehicle liability insurers by offering liability insurance as part of their rental contracts.
U/M coverage is not mandatory under Louisiana law. R.S. 22:1406 provides that U/M coverage is not applicable "where any insured named in the policies shall reject ... the coverage or selects lower limits." A certificate of self-insurance is not a "policy" for purposes of uninsured motorist coverage under 22:1406(D). Hearty v. Harris, 574 So.2d 1234, 1238 no. 11 (La.1991). A self-insurance certificate only indicates that the self-insurer possesses sufficient assets to meet the state's criteria to respond in damages. Those who choose to comply with the LMVSR by obtaining a self-insurance certificate do not have to provide U/M coverage. Jones v. Henry, 542 So.2d 507 (La.1989).
Since we find that plaintiffs' recovery is barred on other grounds it is not necessary to address the policy issues left unresolved in Jones.

*566 ASSIGNMENTS NO. 3 AND 4
The Putzeys claim that the trial court erred by finding Rollins immune from suit both as a UM insurer and for breach of a stipulation pour autrui in Mr. Putzeys' favor.
R.S. 23:1032 provides in pertinent part: § 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Under this statute an employee's sole remedy against his employer for non-intentional acts is worker's compensation. The legislature amended R.S. 23:1032 in 1989 to overrule Ducote v. Albert, 521 So.2d 399 (La.1988). That decision created a judicial exception to R.S. 23:1032 to allow recovery against employers acting in a dual capacity. The amendment makes it clear that an employee's cause of action against his employer is under the Louisiana Workers' Compensation Act except for an intentional tort. Williams v. Gervais F. Favrot Co., 499 So.2d 623 (La.App. 4th Cir.1986), writ denied 503 So.2d 19 (La.1987). An employer may not be held liable for damages under any contractual or "dual capacity" theory.
As a general rule legislative acts apply prospectively. La. C.C. Art. 8. However, legislation which is interpretive of existing laws is applied retroactively. Ardoin v. Hartford Accident and Indemnity Co., Inc., 360 So.2d 1331 (La.1978). The amended version of R.S. 23:1032 clarifies the term "exclusive remedy" as used in that statute to include all claims for damages including those arising under a "dual capacity" theory. Since the amendment does not establish new rights or obligations but merely clarifies existing law, it is retroactive.
The judgment is affirmed.
AFFIRMED
NOTES
[1] The Louisiana Insurance Guaranty Association (LIGA), Champion's statutory successor, was substituted for Champion as defendant.