637 So.2d 1157 (1994)
Oliver BOSSE and Judith Bosse
v.
WESTINGHOUSE ELECTRIC, INC., et al.
No. 93-CA-1898.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
*1158 Glen A. Woods, Gauthier & Murphy, Metairie, for plaintiffs/appellants.
Laurie A. White, Asst. City Atty., Marie A. Bookman, Deputy City Atty., Bruce E. Naccari, Acting First Asst. City Atty., Kathy Lee Torregano, City Atty., New Orleans, for defendant/appellee.
Christopher J. Aubert, Aubert & Burglass, New Orleans, for defendant/appellee.
Before BYRNES, JONES and WALTZER, JJ.
BYRNES, Judge.
Oliver and Judith Bosse appeal the dismissal of the City of New Orleans (City) on motion for summary judgment, as well as the dismissal of plaintiffs' tort action against Westinghouse Electric Corporation (Westinghouse). We affirm.
On May 18, 1987 at approximately 6:45 a.m. Oliver Bosse slipped and fell when he stepped off of an elevator on the seventh floor in City Hall where he worked. Employed as a city inspector, Mr. Bosse's work shift began at 7:30 a.m. Mr. Bosse reported the accident to his employer, the City, and Mr. Bosse submitted an accident report to the State of Louisiana Office of Worker's Compensation Administration, and was paid approximately $20,692 in medical expenses and worker's compensation benefits of approximately $67,985 at the time of trial. Claiming that the elevator misleveled, causing Mr. Bosse to fall, Mr. and Mrs. Bosse filed this tort action against the owner of the elevator, the City, and Westinghouse, which was responsible for maintaining the elevator. On April 22, 1993 the trial court granted the City's motion for summary judgment. After trial on the merits, the trial court dismissed plaintiffs' claim against Westinghouse in its judgment dated May 3, 1993, based on jury interrogatories finding that Westinghouse was not at fault. Plaintiffs' appeal followed.
Plaintiffs present the following issues on appeal: (1) whether LSA-R.S. 23:1032 restricts the employee, Mr. Bosse, to worker's compensation benefits as his exclusive remedy against his employer; and (2) whether the trial court erred in refusing to allow the plaintiffs' witness to testify as an expert in the operation and maintenance of elevators.
Plaintiffs complain that the trial court erred in granting summary judgment to the City. Appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of the appropriateness of summary judgment. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La. 1991). The mover is entitled to summary judgment as a matter of law if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show that there is no genuine issue of material fact. LSA-C.C.P. art. 966(B); Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Brown v. Diversified Hospital Group, Inc., 600 So.2d 902 (La.App. 4th Cir.1992).
Plaintiffs contend that Mr. Bosse's injury did not arise out of or during the course of his employment. An accident "arises out of" employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in employment. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992). The "course of employment" test *1159 refers to time and place; the "scope of employment test" examines the employment-related risk of injury. Benoit v. Capitol Mfg. Co., 617 So.2d 477 (La.1993). The "course of employment" and "arising out of employment" requirements cannot be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. Raybol v. Louisiana State University, 520 So.2d 724 (La.1988). Acceptance of worker's compensation benefits does not by itself constitute an admission of employment status or work-related injury. Dye v. Ipik Door Company, Inc., 570 So.2d 477 (La.App. 5th Cir.1990).
Plaintiffs argue that Mr. Bosse was not injured during the scope and course of employment based on Mundy, supra. In Mundy, a nurse sustained injuries while she was in an elevator in Charity Hospital on the way to work on the eleventh floor. An assailant who got on the elevator with the plaintiff on the first floor, attacked the plaintiff, stabbing her repeatedly when the elevator stopped on the second floor. The nurse had no work duties on the first or second floor. In the present case Oliver Bosse was injured getting off the elevator on the seventh floor where he worked.
In Mundy plaintiff's injuries were inflicted on her by the unpredictable, independent, random violent act of a third party stranger unrelated to her employment. Such a random act of violence could have occurred anywhere.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. Mundy, 593 So.2d at 349.
A physical defect in the premises of the employer is very different from an independent, random act of violence committed by an unrelated third party stranger. A random act of violence could occur anywhere, but a defect in the premises at the place of employment is "peculiar and distinctive" to that location. See Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969), cited with approval in Mundy, supra, 593 So.2d at 350.
In Mundy, the Louisiana Supreme Court stated:
Even if the risk which gave rise to the injury could be considered as a defect hazardous to the travelers immediately adjacent to the employer's premises, the risk was no more dangerous in the immediate vicinity of the employer's premises than elsewhere along her route of travel to work. Mundy, 593 So.2d at 351.
What the court is saying in Mundy is that the risk of random, violent crime is a risk that one encounters everywhere independent of location, i.e., in Mundy the risk was not from the elevator at the place of employment. In the present case the risk was intrinsic to the place of Mr. Bosse's employment. It was limited to that location and was only dangerous in that location. As an employee at that location, plaintiff must be presumed to "encounter" this risk "to a greater extent or frequency than by the general public." Mundy, 593 So.2d at 350. Mr. Bosse had a much greater probability of sustaining the injury posed by the work place risk because his employment required him to be exposed to that risk to a greater extent and frequency than the general public. This means that the risk to Mr. Bosse arose out of his employment. Having arrived at the seventh floor, it may also be considered within the course and scope of that employment.
Viewing the facts in the light most favorable to the plaintiffs who oppose the motion for summary judgment, and accepting plaintiffs' allegations as true for purposes of the issue of summary judgment, Mr. Bosse would not have been in the building if it were not for his employment. The extent and frequency of Mr. Bosse's exposure to the risk posed by the elevator was due to Mr. Bosse's employment. Although a member of the general public could also use the elevator, such a person would not be compelled by reason of his employment to expose himself to the risk posed by the elevator to the same extent and frequency as required of Mr. Bosse on a daily basis. The Mundy decision represents the extreme outer limits of the *1160 jurisprudence in this area of the law as established by the Louisiana Supreme Court. The Supreme Court has rendered no decision since Mundy urging the courts to apply Mundy liberally or to extend its scope. There are no cases allowing a plaintiff to pursue the employer in tort for a defect on the premises of employment. The 1989 amendment to LSA-R.S. 23:1032 applies retroactively so that an employer may not be held liable for damages under any contractual or "dual capacity" theory. Putzeys v. Schreiber, 576 So.2d 563 (La.App. 4th Cir.), writ denied 578 So.2d 932 (La.1991). Mr. Bosse's accident occurred arising out of and during the scope and course of his employment, and there is no genuine issue of material fact that the employee's sole remedy against his employer is limited to worker's compensation under LSA-R.S. 23:1023. The trial court properly granted the City's motion for summary judgment.
Plaintiffs also argue that because the trial court abused its discretion by disqualifying their expert witness, the jury did not find Westinghouse liable, and plaintiffs' claim was dismissed.
At issue at trial was whether Westinghouse was negligent in maintaining the elevator. When the trial court limited the capacity of the plaintiffs' expert, Robert Cosgrove, to testify as an expert having a degree in mechanical engineering, plaintiffs chose not to have Mr. Cosgrove testify. Plaintiffs assert that the trial court erred in failing to find that their witness, Mr. Cosgrove, was an expert in the operation and maintenance of elevators based on his 27 years of experience in his primary business of sales and services of elevators. Citing Adams v. Chevron U.S.A. Inc., 589 So.2d 1219 (La.App. 4th Cir.1991), writ denied 592 So.2d 414, 415 (La.1992), plaintiffs aver that formal education in the area of expertise is not required for a witness to be qualified as an expert, and experience is enough.
The question of whether a witness is an expert, the scope of his expertise, and the breadth of his opinion are within the discretion of the trial court. LSA-C.E. Art. 702; Dye v. Schwegmann Giant Super Markets, Inc., 599 So.2d 412 (La.App. 4th Cir.), writ granted, judgement vacated on other grounds 607 So.2d 564 (La.1992). The trial court has great discretion in deciding which witnesses are qualified as experts, and in limiting the breadth and scope of expert testimony. Armstrong v. Lorino, 580 So.2d 528 (La.App. 4th Cir.1991), writ denied 584 So.2d 1166 (La.1900).
The record shows that although Mr. Cosgrove qualified as an expert witness in several courts, Mr. Cosgrove was disqualified as an expert witness by at least two other courts. He stated that he had not worked in the elevator business for 21 years since 1972. He agreed that he did not work with tools, did not hold himself out as an elevator mechanic, and he was not a member of the elevator mechanic's union. He never designed or oversaw the design or manufacture of an elevator although he designed elevator systems and units. Although he testified in another matter that he spent a great extent of his time in sales, in the present matter he initially stated that he was not involved in sales to a great extent of his time in the elevator business, but Mr. Cosgrove qualified his statement, saying that he was involved in sales half of the time. Although he testified in another matter that he considered himself primarily a code expert, Mr. Cosgrove initially stated that he was not primarily a code expert in the present case. Although he admitted that he testified in another matter that he considered himself to be an expert in the field of barges, dredges and boats, in the present case he stated that he did not hold himself out to be an expert in that field. Considering the conflicting testimony concerning Mr. Cosgrove's expertise, the trial court did not abuse its broad discretion in limiting Mr. Cosgrove's qualification to having a degree in mechanical engineering.
Accordingly, the judgments of the trial court are affirmed.
AFFIRMED.