I,NORRIS, Judge Pro Tem.
The plaintiff, Thomas Barry Reily, ap--peals a summary judgment in favor of his employer’s uninsured motorist (“UM”) carrier, Hartford Insurance Company, and dismissing Hartford from the case. For the reasons expressed, we affirm.

Factual background

In November 1994, Reily was rear-ended by a truck driven by Joseph Frey, an underinsured driver. Reily was driving a 1995 Chevy Lumina owned by Wheels Inc., and leased to Reily’s employer, Team Environmental Services Inc. Pursuant to the lease agreement, Team was required to maintain its own liability insurance on the vehicle, and Team purchased such a policy from Hartford covering the Lumina involved in the accident. Team was the named insured under the policy, and executed a rejection of UM coverage prior to the accident. Reily was never provided an opportunity either to select or reject UM coverage on the Lumina.
Reily filed the instant suit against Frey, the other driver; General Credit Insurance Company, Frey’s insurer; and against Hartford, Team’s insurer. Reily and Hartford filed cross motions for summary judgment on the issue of UM coverage. Following[1] argument, the District Court granted Hartford’s motion and rejected Reily’s. The court reasoned that Reily was not a lessee under the Hartford policy, that Team owned no duty to provide him with insurance or an option to reject insurance, and that Hartford owed Reily no duty to insure the Lumina. Judgment was rendered dismissing Reily’s claims against Hartford, and Hartford only, with prejudice at Reily’s costs. The District Court certified this partial judgment for immediate appeal. La. C.C.P. art. 1915 B.

Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the | aaffidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. Appellate courts review summary judgment de novo, under the same criteria governing the district court’s decision on the motion. Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812.
At the time of Reily’s accident, R.S. 22:1406 D stated in pertinent part:[1]
(l)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death re[1] suiting therefrom; however, the coverage required under this Subsection shall not be applicable where any insured *730 named in the policy shall reject in urrit-ing, as provided herein, the coverage or selects, lower limits. * * * (Emphasis added)
UM coverage embodies a strong public policy in this state; however, UM coverage is not required when an insured named in the policy makes a written rejection of the coverage or selects lower than the liability limits of the policy. Taylor v. Rowell, supra.
On appeal, Reily urges that he used the Lumina both “professionally and personally,” that such use was a Team policy, and that he was required to pay taxes on the mileage attributed to his personal use of the vehicle. Accordingly, he argues that he contributed to the payment of the premium to Hartford, and was a sublessee of Team. As a lessee, ergo, he should have been given the opportunity either to accept or reject UM coverage on the Lumina. He contends that Team was |3in effect an automobile leasing agency and sold a portion of its liability insurance policy to Reily.
In support, he cites Trobaugh v. Migliore, 597 So.2d 494 (La.App. 1 Cir.1992), which held that under R.S. 22:1406 D, a self-insured automobile leasing company was required to offer UM coverage to its lessees. The court relied upon the rental agreement, which was issued by Enterprise Leasing and specifically provided coverage to its lessees if “required by law”; the court construed this as a policy in which UM coverage was provided in an amount equal to liability coverage. Essentially, by offering liability insurance on the rented vehicle, Enterprise placed itself in the position of a vehicle liability insurer and had to give the lessee an opportunity to accept or reject UM coverage.
There are two analytical problems with Reily’s position. The first is addressed in Tijerina v. Stawecki, 95-1200 (La.App. 3 Cir. 3/6/96), 670 So.2d 792. There, a lessee sued Liberty Mutual (insurer of Alamo Rent-A-Car) for UM benefits. The appellate court recognized jurisprudence holding that a car rental agency stands in the shoes of an insurer when it deals with its lessee, and that the lessee should have the opportunity to accept or reject UM coverage. The court found, however, that neither the jurisprudence nor R.S. 22:1406 D prohibits the lessor from rejecting UM coverage, and that the responsibility for extending the option to the lessee “is first placed on the shoulder of 'Alamo [the lessor] and not Liberty Mutual [the insurer].” Further, Alamo was not a party to the suit, so its liability was found not to be before the court.
The instant case is similarly distinguished from the jurisprudence treating a car rental agency as an insurer vis-a-vis the lessee’s right to accept or reject UM coverage. The partial judgment is in favor of Hartford only and upholds the validity of a rejection executed by the named insured, Team. Assuming arguendo that Re-ily was a sublessee and entitled to accept or reject UM coverage, the | responsibility to give him this option lay with Team, not Hartford. Hartford could only rely on Team’s rejection, as it had no contractual relationship with Reily. Hartford gave Team the option to accept or reject UM coverage, and Team’s rejection was valid for purposes of insulating Hartford from UM claims by Team or Reily.
The second problem with Reily’s analysis is addressed in Bullock v. Homestead Ins. Co., 29,536 (La.App. 2 Cir. 6/20/97), 697 So.2d 712, writ denied 97-1936 (La.11/7/97), 703 So.2d 1272. There, Bullock owned a tractor and trailer which he leased to Rebel Transport, which was the named insured under a liability policy issued by Homestead; Bullock was an additional insured by endorsement. Bullock paid the monthly premiums on the Homestead policy obtained by Rebel; however, Rebel’s president rejected UM coverage for the tractor and trailer at issue. Bullock was not given the opportunity to accept or reject coverage. On cross motions for summary judgment, Bullock contended *731 that Rebel’s UM rejection was not enforceable, but the court of appeal concluded otherwise.
The court reasoned initially that by a plain reading of R.S. 22:1406 D, UM coverage may be rejected by any insured named in the policy. Under the jurisprudence, “any named insured” may reject coverage; the concurrence of all named insureds is not required. The court further noted that in general, a lessor who agrees to provide liability insurance protection to a lessee is an insurer who must also provide UM coverage as required by law; however, the lease between Rebel and Bullock made no mention of such coverage. The court concluded that a UM rejection by any named insured is sufficient to reject UM coverage in toto, making Rebel’s rejection effective. Finally, the court distinguished cases involving commercial car rental agencies; such entities are in the business of leasing vehicles for profit, and providing or guaranteeing liability coverage to the lessee for a charge. The same situation simply did not arise in the contract 1 Rbetween Bullock and Rebel, “a wholly different relationship from that established by the contract between a commercial car rental agency and its customer.”
In the instant ease, as in Tijerina, supra, the claim at issue is against the insurer, rather than against the entity that arguably had a duty to give the plaintiff an option to accept or reject UM coverage. Hartford simply had no duty to offer UM coverage to Reily, who was neither a named insured nor a person with whom Hartford contracted. To hold otherwise would mean that after it obtained a valid UM rejection from any insured, the insurer might still be liable if the insured leased the vehicle to a third party pursuant to a contract that included payments to the insured for the purpose of maintaining insurance on the leased vehicle. Further, we agree with the rationale of Bullock v. Homestead Ins. Co., supra, that under R.S. 22:1406 D, any named insured in the policy can reject UM coverage in its entirety. Team was unquestionably the named insured and it executed a valid UM rejection on the Lumina.

Conclusion

For the reasons expressed, the judgment is AFFIRMED at Reily’s costs.
AFFIRMED.

. A 1997 amendment adding the option of selecting "economic-only coverage" is obviously inapplicable to this case. See 1997 Acts, No. 1476, § 3, effective September 6, 1998.