NORRIS, Judge.
This is a motion and rule to have a driver’s license reinstated. The trial court denied relief and the movant has appealed. For the reasons expressed, we affirm.
Owen Wood, the movant, was arrested for first offense DWI on February 7, 1985. After receiving the statutory warnings, he refused to take the blood or breath test. His license was therefore automatically suspended for 180 days. LSA-R.S. 32:667 B(2). In April, the state dropped the DWI charge in exchange for Wood’s guilty plea to speeding. When the 180 days elapsed, Wood applied to the Department of Public Safety (DPS) to have his license reinstated.
In order to get his license back, a DWI arrestee who refused to take a blood or breath test must show “proof of financial responsibility.” LSA-R.S. 32:896 A. There are four kinds of proof, and Wood attempted to comply with the first, “a certificate of insurance as provided in R.S. 32:898 or 32:899.” Under 32:898, the certificate must meet the following requirements:
(1) It must be in writing and from an authorized insurance carrier.
(2) It must certify that there is a “motor vehicle liability policy” as defined by 32:900 in effect for the person required to prove financial responsibility-
(3) It must give the effective date of the policy. The date must conform to the policy.
(4) It must designate the vehicle or vehicles covered.
LSA-R.S. 32:901 adds another requirement:
(5) The policy must not be subject to cancellation until a ten-day notice is first filed with the commissioner.
Mr. Wood submitted the following documents to prove his compliance:
(1) The insurance company’s “Evidence of Liability Insurance Certificate,” the standard card that must be kept in the automobile at all times.
(2) An affidavit from the insurance agency, not the company, averring that Wood had statutory coverage and that the agency, not the company, would notify DPS of any changes or cancellation ten days in advance, if requested.
(3) A copy of the policy, unendorsed.
DPS rejected Wood’s application, advising him that he needed to submit an SR-22 policy, the only kind that effectively proved future financial responsibility. Wood’s complaint was that he had bought a standard automobile liability policy from his regular insurer. He argued both in the trial court and on appeal that this policy, plus the agent’s promise of ten-day notice in case of cancellation, satisfied all legal requirements.
Mr. Wood’s sole contention on appeal is that the trial court erred in refusing to order his license reinstated. His argument is that his proof of future financial responsibility was adequate for the statutory requirements. He has presented no constitutional argument to this court.
We have closely examined the documents in the record. The certificate Mr. Wood submitted shows that his policy was to expire on December 22, 1985. The policy itself shows an earlier expiration date of June 22, 1985. There is nothing in the record to suggest that Mr. Wood still has a similar policy in force. Technically, the case is moot. LSA-C.C.P. art. 2164; United Teachers of New Orleans v. Orleans Par. Sch. Bd., 355 So.2d 899 (La.1978); Sonnier v. State Dept. of Public Safety, 377 So.2d 528 (La.App. 3d Cir.1979).
Because, however, the policy appears to have been still in force when this matter came to trial, we will consider whether Mr. Wood’s application complied with LSA-R.S. 32:896 et seq. We also feel that the same issue will inevitably arise when Mr. Wood files his next application for reinstatement. *1147 We have concluded that the judgment must be affirmed for the following reasons.
First, the certificate that Mr. Wood tendered does not state that he has in effect a “motor vehicle liability policy” as defined by LSA-R.S. 32:900.
Second, the effective dates of the policy and the certificate do not correspond. They must under LSA-R.S. 32:898.
Third, the policy contains no agreement or endorsement to the effect that insurance is being provided in accordance with the coverage required by LSA-R.S. 32:896. This is a requirement of LSA-R.S. 32:900 D. The policy itself has provisions for certification as future proof of financial responsibility in order to comply “with the law to the extent required.” Policy, page 4. This particular policy is not so certified.[1]
Finally, the insurance agent’s affidavit states it will inform DPS of changes or of cancellation only on request. When an insurance carrier has properly certified a “motor vehicle liability policy,” DPS is not required to request notice. The insurance carrier is required to furnish it. LSA-R.S. 32:901.
We thus conclude that Mr. Wood s evidence was not sufficient to comply with the proof specified under the statute. The trial court’s decision was correct and is affirmed at appellant’s cost.
AFFIRMED.

. Mr. Wood has argued that the statutes involved in this case do not specifically require an SR-22 form. This is correct but cf. LSA-R.S. 32:863 D, which specifies SR-22 after a license has been suspended for other reasons. The omission of SR-22 from R.S. 32:896 et seq. may be a legislative oversight. For a background on the distinction between an "automobile liability insurance policy” and a "motor vehicle liability insurance policy,” see Johnson v. Universal Auto. Ins. Assn., 124 So.2d 580 (La.App. 3d Cir. 1960); Kennedy v. Audubon Ins. Co., 82 So.2d 91 (La.App. 1st Cir.1955); Jones v. Mid-South Ins. Co., 358 F.2d 887 (5th Cir. 1966); New Zealand Ins. Co. v. Holloway, 123 F.Supp. 642 (W.D.La. 1954). Since the adoption of compulsory motor vehicle liability insurance in 1977, this traditional distinction seems very blurred; this is perhaps another legislative oversight.