535 So.2d 511 (1988)
Gary PUCKETT, Individually and as Natural Tutor of His Minor Son, Joseph William Puckett, Plaintiff-Appellee,
v.
The HERTZ CORPORATION, Defendant-Appellant.
No. 20,198-CA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
Rehearing Denied January 12, 1989.
Turner, Young & Hebbler by Thomas M. Young, for defendant-appellant.
Hayes, Harkey, Smith, Cascio & Mullens by Thomas M. Hayes, III, for plaintiff-appellee.
Before MARVIN, FRED W. JONES and NORRIS, JJ.
MARVIN, Judge.
In this action under a car rental contract and LRS 22:1406(D)(2)(b), Hertz appeals a judgment awarding $100,000 damages to the three-year-old son of the lessee of a rental car who was seriously injured when the child's mother lost control of the car which collided with an oncoming automobile. The child's mother was fatally injured in the accident which occurred shortly after the car was rented in June 1985.
Serious injuries were also sustained by the three persons in the oncoming automobile. Hertz had obligated itself in the rental contract to provide liability coverage for an authorized operator causing bodily injury to another, with limits of $100,000 for each person and $300,000 for each accident.
Hertz did not purchase or provide a policy of automobile liability insurance, but honored its obligation and settled all claims against the estate of the lessee's late wife by paying $300,000 to the four persons who were injured. $83,333 was paid to the three-year-old and similar amounts were paid to each of the three occupants of the other automobile. The litigants agree that the damages sustained by the minor, including medical expense, exceed $200,000.
The issue in this appeal is whether Hertz is obligated under its contract and the law to provide, as well, $100,000 under-insured motorist coverage for the child.
Hertz primarily contends that the minor was not an "authorized operator" to or for whom the liability coverage was provided and that statutory UM coverage does not benefit a guest passenger in the rental car or anyone whose "liability" is not covered.
We amend to correct the applicable rates of legal interest and affirm.

*512 THE RENTAL CONTRACT "COVERAGE"
We are not here interpreting an automobile liability insurance policy or a motor vehicle liability insurance policy. See LRS 32:861, 900; Compare Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2d Cir.1983), writ denied; Johnson v. Universal Automobile Insurance Ass'n., 124 So.2d 580 (La.App. 3d Cir.1960).
We are not here concerned with an uninsured vehicle or motorist whose fault contributed to the accident involving an insured automobile. We are also not faced with a situation where an insured under a policy of motor vehicle or automobile liability insurance has chosen to reject or modify the statutory un - or under -insured motorist coverage provided by LRS 22:1406(D). See Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981); Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979); Stewart v. Robinson, 521 So.2d 1241 (La.App. 3d Cir.1988), writ granted, dismissed November 21, 1988. See discussion, McKenzie and Johnson, Louisiana Civil Law Treatise "Insurance Law & Practice," Vol. 15, § 103.
We consider only the contractual and statutory obligations of Hertz because there is no liability insurance policy with UM provisions or any "standard or basic provisions" provided by law for us to consider, except LRS 32:861 and 22:1406(D).
In paragraph 9 of the rental contract, this "Liability Coverage" is stated:
Lessor provides liability coverage for Customer and any Authorized Operator(s) in accordance with standard provisions of a basic automobile liability insurance policy as required in jurisdiction in which Vehicle is operated, against liability for bodily injury including death (limits $100,000 each person, $300,000 each accident) arising from use or operation of Vehicle as permitted by this Agreement. Coverage hereunder shall automatically conform to basic requirements of any "No Fault" law which may be applicable, but do not include "uninsured Motorist" or supplementary "No Fault," or other optional coverage; and Lessor and Customer hereby reject, to extent permitted by law, inclusion of any such coverage. In event that coverage is imposed, by operation of law, for the benefit of any person other than Customer or any Authorized Operator(s), then limits of such coverage shall be minimum requirements of the financial responsibility law or other applicable statute of state or other jurisdiction in which accident occurred. Lessor warrants that to extent permitted by law liability coverage described in Paragraph 9 is primary with respect to any other insurance available to Customer or any Authorized Operator(s). Customer and Authorized Operator(s) shall indemnify and hold Lessor, its agents and employees harmless from and against all loss, liability and expense whatsoever in excess of limits of liability provided for herein, as a result of bodily injury, death or property damage caused by or arising out of use or operation of vehicle.
The jacket of the rental contract similarly states:
Automobile Liability Coverage
(See Paragraph 9 of Rental Agreement) Hertz provides liability coverage for Customer and any Authorized Operator in accordance with standard provisions of a basic automobile liability insurance policy as required in jurisdiction in which Rental Vehicle is operated (excluding optional coverages) against liability for bodily injury, including death, and property damage arising from use or operation of Rental Vehicle as permitted by Rental Agreement. Subject to all the terms and conditions of Rental Agreement executed by Customer, such coverage is primary to any other insurance carried by Customer or any Authorized Operator. Coverage conforms automatically to the basic requirements of any applicable "No Fault" law, but does not include any optional coverage such as "uninsured Motorist" or supplementary "No Fault" coverage.

RESOLUTION OF HERTZ'S CONTENTIONS
Hertz contends that the contract should not be construed as a liability insurance *513 policy but as a lease. Hertz contends, in any event, that its contract provides UM coverage only to the authorized operator and not to a mere occupant of the rental car and then only to the statutory minimum extent of $10,000 per person. Compare Ashline v. Simon, 466 So.2d 622 (La.App. 5th Cir.1985), writ denied; Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985), writ denied; and Boudreaux v. ABC Ins. Co., 689 F.2d 1256 (5th Cir.1982) with Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir. 1981), writ denied, and Donnelly v. Greyhound Rent-A-Car, 490 So.2d 377 (La. App. 4th Cir.1986), writ denied.
Construing similar language in a § 9 Liability Coverage provision of a Hertz car rental contract, one appellate court deemed Hertz to be an "insurer," obligated to provide to its lessee "coverage on the same basis as any automobile liability policy." Ashline, supra, at 624.
In Tapia, supra, we held that a car rental franchise licensee was obligated to provide its customer "in accordance with the standard provisions of an automobile liability policy" UM coverage equal to the liability coverage where the customer was charged a premium for the liability coverage and where the contract declared that the licensee so "provides" such insurance. 480 So.2d at 858. There the franchise licensor, Ford Motor Company, purchased a liability policy from an insurance company to provide the liability coverage but rejected in writing any UM coverage. We upheld the trial court's rejection of the UM demands against the insurance company from which Ford had purchased the liability policy. Ford, an insured under that policy, could validly exercise the statutory option to reject all, or select any amount of, UM coverage, notwithstanding that other "insureds" were to be covered by the policy. Ford exercised its statutory option as did Greyhound Rent-A-Car in a similar case. See Donnelly v. Greyhound Rent-A-Car, supra.
We recognize, of course, that where an "insured" in the first instance is given the limited option of either rejecting or selecting only the minimum UM coverage, the "selection" is invalidated because the statute requires that the option be unlimited and provide the insured the privilege of selecting UM limits higher than the liability coverage. Aramburo v. Travelers Ins. Co., 426 So.2d 260 (La.App. 4th Cir.1983), writ denied.
Hertz, unlike Ford and Greyhound-Rent-A-Car, did not purchase and does not "provide" an insurance policy for an authorized operator of its rental car, but stands in the shoes of an insurer under a policy of automobile liability insurance by its own written obligation, quoted above. Ashline, supra. In this respect, Hertz asserts there are no "standard forms" or "basic policies" in Louisiana and that it made no representation that its arguable obligation as automobile liability insurer extends to the alleged broader coverage required of a motor vehicle liability insurer for compliance with the financial responsibility law. LRS 32:900. The financial responsibility law speaks of an "operator's policy" which insures only the named insured-operator against liability and an "owner's policy" which insures, as well, any other person using the vehicle with the permission of the named insured. See Johnson v. Universal Automobile Insurance Ass'n., supra. Compare, however, LRS 32:861 and Fields, cited supra.
Hertz then argues that its obligation cannot be other than an operator's "policy" (1) because its obligation is to provide liability coverage for the "customer and any authorized operator," and (2) because the statutory UM provision requires coverage only "for the protection of persons insured" under the liability policy. LRS 22:1406(D). In this factual situation, we do not agree.
We have noted the difficulty of dealing with the apparent oversight arising from the legislature's failure to define and reconcile the terms it has used in the motor vehicle and insurance titles of the Louisiana statutes. Wood v. State, Dept. of Public Safety, 488 So.2d 1145 (La.App. 2d Cir. 1986), [fn. one] *Hertz's argument in this vein concludes with the assertion that statutory UM coverage cannot extend to lessee's three-year-old son because the statute provides the coverage only to those who *514 are "insureds" under the liability coverage and because the three-year-old could not have been an "authorized operator" or "liable" for the use or operation of the rental car under any conceivable circumstances.
We resolve the ultimate issue with respect to the UM "coverage" of the three-year-old on the basis of Hertz's contractual obligation to be the liability insurer of any authorized operator of the rental car and two applicable statutes, LRS 32:861 and 22:1406. Lessee's late wife was named as an authorized operator of the insured rental car. We hold Hertz to have "issued" in Louisiana the statutorily required liability coverage to its authorized operator in the rental car described in the contract. See LRS 32:861. See Ashline, supra.
For UM purposes, one or more of the authorized operators [Hertz's "insureds"] must have been given the privilege of rejecting or selecting limits of UM coverage higher or lower than the liability coverage provided by the contract. LRS 22:1406(D); Aramburo v. Travelers Insurance Co., supra. The failure of the insurer to have an insured exercise the option in writing shall invalidate all provisions of the contract to the contrary and the contract shall be deemed to include the statutory UM coverage in an amount equal to the liability coverage. § 1406(D). Capone v. King, 467 So.2d 574 (La.App. 5th Cir.1985), writ denied.
When an insured has exercised the initial UM option, the validity of specific policy provisions which may provide liability coverage, but exclude UM coverage for (a particular) vehicle have been upheld. See Breaux v. Government Emp. Ins. Co., supra, and Nall v. State Farm Mut. Auto. Ins. Co., supra. In such situations a guest passenger cannot recover from his negligent host's UM insurer. Even should we assume such a specific provision in the Hertz contract under consideration, the provision is ineffective because Hertz did not give a lessee-insured-authorized operator the privilege of exercising the option to reject or select or modify the statutory UM coverage.
The "insured motor vehicle" [here the rental car] for the "purposes of [UM] coverage ... shall ... also be deemed to [be covered] ... when the Automobile Liability Insurance coverage ... is less than the damages suffered by an insured and/or the passengers in the insured's vehicle, as agreed to by the parties ... or as determined by final adjudication." § 1406(D)(2)(b). Emphasis supplied.
Here, unlike the situations in Breaux and Nall, there can be no modification of the statutory UM coverage. Here the liability coverage ($100,000 each person) is less than the agreed damages sustained by the passenger, the three-year-old. The three-year-old was a passenger in the rental car, which was the insured vehicle, and which was the insured's [authorized operator's] vehicle. § 1406(D)(2)(b) clearly applies.
Notwithstanding any contract language to the contrary and because Hertz (as the liability insurer of the car and the driver) is deemed to have issued a policy of automobile liability insurance in Louisiana and did not allow its insured to initially exercise the UM option in writing, the statutory underinsured coverage of 1406(D)(2)(b) benefits the child.
Hertz complains and lessee agrees the 12 percent legal interest in the judgment from date of judicial demand should be modified to reflect the current legal interest rate of 9.75 percent from January 1, 1988, through December 31, 1988, and thereafter at the rate provided by CC Art. 2924(B)(3). We amend the judgment in that respect.

DECREE
At appellant's cost, the judgment is affirmed, as amended to reflect the applicable rate of legal interest.
AMENDED AND AFFIRMED.

ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, NORRIS, HALL and LINDSAY, JJ.
Rehearing denied.