laCARTER, J.
This matter is heard on application for supervisory writs following the denial of a motion for summary judgment.[1]
FACTS AND PROCEDURAL HISTORY
Plaintiffs, William Taylor and Georgette Taylor, were injured while passengers in a rental car which was involved in an accident on August 11, 1993, with a vehicle driven by W. David Rowell. The driver of the rental ear, Bennie Matthews, had leased the vehicle from The Hertz Corporation (“Hertz”). The rental contract between Hertz and Bennie Matthews provided:
Within the limits stated in this paragraph, Hertz will indemnify, hold harmless, and defend You and any Authorized Operators FROM AND AGAINST LIABILITY TO THIRD PARTIES, EXCLUDING ANY OF YOUR OR ANY AUTHORIZED OPERATOR’S FAMILY MEMBERS RELATED BY BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM. FOR BODILY INJURY, INCLUDING DEATH AND PROPERTY DAMAGE THE LIMITS OF THIS PROTECTION, INCLUDING OWNER’S LIABILITY, ARE THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE ACCIDENT OCCURS, UNLESS HIGHER LIMITS APPLY FOR THE CDP-ID NUMBER RATE PLAN SHOWN ON THE RENTAL RECORD, IF THE ACCIDENT RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THIS AGREEMENT. (THE HERTZ OPTIONAL SERVICES BROCHURE, AVAILABLE AT ANY RENTAL LOCATION, SHOWS EACH STATE’S LIMIT.) This will conform to the basic requirements of any applicable “No Faults” law BUT DOES NOT INCLUDE “UNINSURED MOTORIST,” “UNDERIN-SURED MOTORIST,” “SUPPLEMENTARY NO FAULT” OR ANY OTHER OPTIONAL COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU HEREBY REJECT THE INCLUSION OF ANY SUCH COVERAGE. If such coverage is imposed by operation of law, then the limits of such coverage will be the minimum required by the law of the jurisdiction in which the accident occurs. Hertz warrants that the protection described in this paragraph is primary with respect to any insurance coverage You or an Authorized Operator may have.
On August 11, 1994, plaintiffs filed suit against: Bennie Matthews, W. David Rowell, Audubon Insurance Group,[2] and State Farm *504 Mutual Automobile Insurance ^Company, the UM carrier of Bennie Matthews.[3] On May 30, 1997, plaintiffs filed a supplemental and amended petition, naming as additional defendants: Southern United Fire Insurance Company, the liability insurer of W. David Rowell;[4] Hertz; and Reliance Insurance Company, the excess liability insurer of Hertz. Hertz filed a motion for summary judgment on October 13, 1997, which was denied by the trial court following a hearing on December 1,1997.
Hertz assigned as error the failure of the trial court to render summary judgment dismissing plaintiffs’- suit, contending that the contractual provisions contained in its agreement with.Bennie Matthews did not include passengers. as insureds for purposes of UM coverage. Plaintiffs urge this court to uphold the trial court judgment and find that the Hertz contract does not clearly exclude coverage to guest passengers.
MOTION FOR SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29; Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir.5/20/94); 640 So.2d 616, 618; Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94); 637 So.2d 467; Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969. The procedure is favored and- shall be construed to accomplish these ends. LSA-C.C.P. art. 966 A(2). Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Sanders v. Ashland Oil, Inc., 696 So.2d at 1035.
The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d at 325; Kidd v. Logan M. Killen, Inc., 640 So.2d at 618-19; Sanders v. Ashland Oil, Inc., 696 So.2d at 1034.
The facts of this case are not in dispute. The agreement between Hertz and Mr. Matthews purported to exclude UM coverage on the rental car altogether, though Hertz did not have Mr. Matthews execute a waiver of UM coverage. However, the agreement also stated that if required by state law to be supplied, coverage would then be extended only to Bennie Matthews and “authorized operators.” Plaintiffs do not contend they are authorized operators; but rather, they were guest passengers in the automobile rented by Bennie Matthews from Hertz.
Absent any genuine issue of material fact, resolution of this matter turns on the application of the law to the contractual provisions of the Hertz agreement.
LSA-R.S. 22:1406 imposes a statutory requirement on policies of automobile insurance and constitutes an implied amendment of any automobile policy, even one which does not expressly address the subject matter, that UM coverage will be read into *505 the policy unless validly rejected. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987). LSA-R.S. 22:1406 arises from a strong public policy that has as its object to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured. Roger v. Estate of Moulton, 513 So.2d at 1130. Statutory exceptions to the UM coverage requirement must be strictly interpreted and any exclusion from coverage in an insurance policy must be clear and unmistakable. Roger v. Estate of Moulton, 513 So.2d at 1130.
_JjA line of jurisprudence has developed, injecting UM coverage into contracts otherwise purporting to exclude such coverage, in instances where an automobile leasing company provides liability coverage to its lessees by virtue of its rental agreement and fails to give the lessee the opportunity to accept or reject UM coverage. Trobaugh v. Migliore, 597 So.2d 494, 496-97 (La.App. 1st Cir.1992). See Jones v. King, 549 So.2d 350 (La.App. 5th Cir.), writ denied, 552 So.2d 401 (La.1989); Pollard v. Champion Insurance Company, 532 So.2d 838, 840 (La.App. 4th Cir.), writ denied, 533 So.2d 374 (La.1988); Ashline v. Simon, 466 So.2d 622, 625 (La.App. 5th Cir.), writ denied, 472 So.2d 28 (La.1985). Under these circumstances, the automobile leasing company has placed itself in the position of a vehicle liability insurer and UM benefits are deemed included in the contract. Trobaugh v. Migliore, 597 So.2d at 496-97. See also Quittem v. National Car Rental Systems, Inc., 582 So.2d 1337, 1340 (La.App. 4th Cir.1991); Robinson v. Moore, 580 So.2d 1109, 1112 (La.App. 4th Cir.), writs denied, 586 So.2d 557, 558 (La.1991).
The fourth circuit recently addressed the precise issue presented herein and held that the law does not mandate that self-insured rental car agencies include guest passengers among those it defines as liability insureds under its rental agreements. Johnson v. Davis, 96-2463, p. 5 (La.App. 4th Cir.6/25/97); 697 So.2d 311, 315, writ denied, 97-2039 (La.11/21/97); 703 So.2d 1308. The opposite result was reached by the second circuit in Puckett v. Hertz Corporation, 535 So.2d 511 (La.App. 2nd Cir.1988), and Tapia v. Ham, 480 So.2d 855 (La.App. 2nd Cir.1985), writ denied, 484 So.2d 138 (La.1986). The Tapia court simply stated that the automobile rental contract provided UM coverage to the lessee “and also ear passengers.” Tapia v. Ham, 480 So.2d at 858. The Puckett court held, “The failure of the insurer to have an insured exercise the option in writing shall invalidate all provisions of the contract to the contrary and the contract shall be deemed to include the statutory UM coverage in an amount equal to the liability coverage.” [Emphasis added.] Puckett v. Hertz Corporation, 535 So.2d at 514. In the absence of valid UM contractual provisions, the Puckett court looked to LSA-R.S. 22:1406 D(2)(b), which provides:
[¡For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured’s vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication. [Emphasis added.]
The Puckett court then concluded, based on this provision, that in the absence of a valid rejection of UM coverage, an insurer is deemed to provide UM coverage to both the named insured and passengers in the insured vehicle. We agree.
The Johnson court rejected the rationale of the second circuit, stating:
It is in the context of determining whether an underinsured situation exists that “passengers” are referred to in LSA-R.S. 22:1406 D(2)(b). LSA-R.S. 22:1406 D(2)(b) does not purport to determine the class of persons for whom UM coverage must be provided once an underinsured situation is determined to exist. For purposes of determining how much coverage is required and for whom such coverage is required, LSA-R.S. 22:1406 D(2)(b) states, “For purposes of this coverage the term *506 uninsured motor vehicle shall, subject to the terms and conditions of such coverage,” referring back to the general UM provisions found in LSA-R.S. 22:1406 D(l)(a)(i) which require UM protection only for “insureds.”
Johnson v. Davis, 697 So.2d at 318. We do not agree with the reasoning of the fourth circuit.
If the legislature had intended UM coverage to be extended only to an “insured,” it would have been unnecessary to include in LSA-R.S. 22:1406 the words “and/or the passengers.”. By using the phrase “insured and/or the passengers,” the legislature evidenced the intent that UM coverage be provided to both “an insured” and/or “the passengers.” Albeit the concept could be more clearly expressed, we must adhere to the rule of statutory interpretation which presumes that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Carter v. Davis, 95-2198, p. 3 (La.App. 1st Cir.5/10/96); 673 So.2d 362, 365, writ denied, 96-1449 (La.6/27/97); 696 So.2d 991; Colwell v. State, Through Office of Attorney General of Louisiana, 506 So.2d 941, 944 (La.App. 1st Cir.), writ denied, 508 So.2d 89 (La.1987); Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984). Furthermore, the language of the law must be interpreted as having the meaning that best conforms to the purpose of the law. LSA-C.C. art. 10. As succinctly stated by the dissent in Johnson, “It is inconceivable to think that when ^enacting La. R.S. 22:1406, the legislature did not intend to protect guest passengers. of a rental car lessee. The purpose of any compulsory insurance statute is primarily to provide compensation for innocent persons who suffer injuries through the faulty operation of a motor vehicle.” Johnson v. Davis, 697 So.2d at 322
Therefore, we hold it is in keeping with the spirit of LSA-R.S. 22:1406 to protect innocent accident victims by extending recovery under the UM policy to passengers in the insured rental vehicle where the insurer/rental agency has failed to obtain a valid rejection of UM coverage.
We distinguish our holding herein from jurisprudence holding that a person who does not qualify as an “insured” under a policy of insurance is not entitled to uninsured motorist coverage under that policy. Hearty v. Harris, 574 So.2d 1234 (La.1991); Seaton v. Kelly, 339 So.2d 731 (La.1976); Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1st Cir.1993); Barnes v. Thames, 578 So.2d 1155, 1162 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991). See also Boudreaux v. State Farm Mutual Automobile Insurance Company, 385 So.2d 480 (La.App. 1st Cir.), writs denied, 392 So.2d 690, 691 (La.1980). In Hearty, the supreme court found that a self-insured rental car agency could validly restrict from use and insurance coverage a person other than the lessee, although the lessee had given the third person permission to use the rental ear. Hearty v. Harris, 574 So.2d at 1242. In Seaton, Barnes, and Bou-dreaux, UM coverage was not extended to the passenger in a vehicle which was not the insured vehicle under the subject policy. In those cases, the passenger was not a named insured and would only have been entitled to coverage under the UM policy while occupying an insured vehicle, and the vehicle in which the passenger was traveling was not named as a vehicle insured under the UM policy.[5] Seaton v. Kelly, 339 So.2d at 735; Barnes v. Thames, 578 So.2d at 1163; Boudreaux v. State Farm Automobile Insurance Company, 385 So.2d at 484. The Guedry case presented a factual scenario similar to those of Seaton, Barnes, and Boudreaux, but because the ^insurance policy was not found in the record on appeal, the matter was remanded to the district court to determine if the plaintiff/passenger was an “insured” under the policy. In none of these cases was the court presented with the factual circumstance addressed herein; i.e., no valid UM rejection was obtained. Thus, we find no conflict in the holding of these cases with our holding herein.
*507 CONCLUSION
For the reasons assigned herein, we deny the writ.
WRIT DENIED.

. Although we originally denied the application for supervisory writs in Taylor v. Rowell, 97-2878 (La.App. 1st Cir.3/23/98), the supreme court granted the application and remanded the matter to this court for consideration. Taylor v. Rowell, 98-0896 (La.5/15/98), 719 So.2d 60.

. New Hampshire Insurance Company (“New Hampshire”), plaintiffs’ UM carrier, filed an an *504 swer to plaintiffs' petition stating that it was incorrectly identified in the petition as Audubon Insurance Group, and plaintiffs’ petition was subsequently amended to replace Audubon Insurance Group with New Hampshire as a named defendant. Thereafter, plaintiffs dismissed their suit against New Hampshire on May 1, 1998.

. Plaintiffs filed a motion to dismiss Bennie Matthews and State Farm, which was granted on May 11, 1998.

. On March 9, 1998, a judgment of partial dismissal was signed by the trial court, dismissing W. David Rowell and Southern United Fire Insurance Company.

. We note that the insurance policies at issue in Seaton, Barnes, and Boudreaux defined as an insured any other person while occupying an insured automobile, while the Hertz agreement under consideration herein insures only the lessee and authorized operators.