736 So.2d 812 (1999)
William TAYLOR and Georgette Taylor
v.
W. David ROWELL, Bennie L. Matthews, State Farm Mutual Automobile Insurance Company and Audubon Insurance Group.
No. 98-CC-2865.
Supreme Court of Louisiana.
May 18, 1999.
*813 Edwin L. Hightower, William Edward Willard, Powers & Willard, Counsel for Applicant.
Dean Michael Esposito, Anders Johan Paul Frederickson, Rufus Holt Craig, Jr., Henry Gerard Terhoeve, Guglielmo, Marks, Schutte, Terhoeve & Love, Christopher DuPont Matchett, Franklin Johnson Foil, Counsel for Respondent.
Claude Frederick Bosworth, Kristopher M. Redmann, Counsel for Amicus Curiae Budget Rent A Car System, Inc.
JOHNSON, Justice.[*]
This is an action brought by guest passengers in a rental car to recover for injuries sustained when the rented vehicle in which they were riding was involved in an automobile accident with an uninsured/underinsured motorist. Defendants include the driver of the rented vehicle, his uninsured/underinsured motorist carrier, the uninsured/underinsured driver of the other vehicle, his liability insurer, the rental car agency, and its excess liability insurer. The case is before this Court to resolve a conflict between the circuits on whether a car rental policy provides uninsured/underinsured motorist coverage to guest passengers.

FACTS AND PROCEDURAL HISTORY
On August 11, 1993, Plaintiffs were guest passengers in a rented vehicle driven by Bennie Matthews. Mr. Matthews leased the vehicle from the Hertz Corporation ("Hertz"). While traveling on Coursey Boulevard in Baton Rouge, the Hertz vehicle was rear-ended by a vehicle driven and owned by W. David Rowell. The East Baton Rouge Parish Sheriffs Office found Mr. Rowell was at fault in the accident.
Plaintiffs sustained injuries in the accident which exceeded Mr. Rowell's liability coverage with Southern United Fire Insurance Company. Thereafter, plaintiffs filed suit against Mr. Rowell; Mr. Matthews and his uninsured/underinsured motorist ("UM") carrier, State Farm Mutual Automobile Insurance Company; and their UM carrier, New Hampshire Insurance Company, on August 11, 1994.[1] On May 30, 1997, Plaintiffs filed a supplemental and amended petition naming as additional defendants, Southern United Fire Insurance Company, Hertz, and its excess liability insurer, Reliance Insurance Company.
Hertz filed a motion for summary judgment claiming that the rental agreement signed by Bennie Matthews excluded UM coverage. Alternatively, Hertz argued that even if UM coverage was not properly rejected, the coverage only extended to persons designated in the rental contract as authorized operators of the vehicle and the Taylors were not authorized operators. The trial court denied Hertz's motion for summary judgment without assigning written reasons on December 1, 1997. Hertz then applied for supervisory writs to the First Circuit Court of Appeal. In a 3-2 decision, a five-judge panel of the First Circuit denied the writ without reasons. Hertz then applied for supervisory writs to *814 this Court. We granted the writ application and remanded the matter to the court of appeal for briefing, argument and opinion. Taylor v. Rowell, 98-0896 (La.5/15/98), 719 So.2d 60.
On remand, the First Circuit denied the writ. Taylor v. Rowell, 97 2878 (La.App. 1st Cir. 11/6/98), 727 So.2d 502. The First Circuit recognized the conflicting results reached by the other courts of appeal in resolving the issue of UM coverage for guest passengers in rental vehicles. The Fourth Circuit has determined that the law does not mandate self-insured rental car agencies to include guest passengers among those it defines as liability insureds under its rental agreements. Johnson v. Davis, 96-2463, p. 5 (La.App. 4th Cir. 6/25/97), 697 So.2d 311, 315, writ denied, 97-2039 (La.11/21/97), 703 So.2d 1308. The Second Circuit has taken the opposite position in Tapia v. Ham, 480 So.2d 855 (La.App. 2nd Cir.1985), writ denied, 484 So.2d 138, and Puckett v. Hertz Corporation, 535 So.2d 511 (La.App. 2nd Cir.1988). In Tapia, the Court concluded that the automobile rental contract provided UM coverage to the lessee and also car passengers. The Puckett Court determined that based on La.Rev.Stat. Ann. 22:1406 D(2)(b), in the absence of a valid rejection, UM coverage is extended to both the named insured and passengers in the insured vehicle.
In the present matter, the First Circuit chose to follow the reasoning of the Puckett Court and adhere to "the spirit of LSA-R.S. 22:1406 to protect innocent accident victims by extending recovery under the UM policy to passengers in the insured rental vehicle where the insurer/rental agency has failed to obtain a valid rejection of UM coverage." Taylor v. Rowell, 727 So.2d 502, 506. The Court also distinguished its holding from the jurisprudence holding that a person who does not qualify as an "insured" under an insurance policy is not provided UM coverage under the policy. Hearty v. Harris, 574 So.2d 1234 (La.1991); Seaton v. Kelly, 339 So.2d 731 (La.1976); Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1st Cir.1993); Barnes v. Thames, 578 So.2d 1155, 1162 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991). According to the Court, that line of jurisprudence involved passengers who were not named insured and would have only been entitled to coverage under the UM policy while occupying an insured vehicle, and the vehicle in which they were traveling was not named as an insured vehicle under the UM policy. The Court concluded that since none of the those cases presented the factual circumstance addressed in this case; i.e., no valid UM rejection was obtained, there was no conflict in the holding of those cases and the holding in this case. Taylor v. Rowell, 727 So.2d 502, 506. We granted Hertz's writ application to resolve the conflict in the circuits on this issue. Taylor v. Rowell, 98-2865 (La.1/15/99), 736 So.2d 214.

DISCUSSION
Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La.Code Civ. Proc. art. 969. La.Code Civ. Proc. art. 966(A)(2). Summary judgment procedure is favored in Louisiana. Spicer v. Louisiana Power & Light Co., 97-2406 (La.App. 4th Cir. 4/8/98), 712 So.2d 226. Appellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of the appropriateness of summary judgment. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B); Potter v. First Federal S & L, 615 So.2d 318 (La.1993); Penalber v. Blount, 550 So.2d 577 (La.1989).
*815 The facts of this case are not in dispute. At the time of this accident, Hertz was a self-insurer pursuant to La.Rev.Stat. Ann. 32:1042 and was documented by the State of Louisiana, Department of Public Safety and Corrections, effective from July 1, 1993 to July 1, 1994.[2] Prior to renting the Hertz vehicle, Bennie Matthews had the opportunity to review the rental agreement and he was offered the option of purchasing additional insurance coverage, which was referred to as Liability Insurance Supplement. Mr. Matthews signed the rental agreement and waived the Liability Insurance Supplement. Absent any factual disputes, the only issue before this Court is one of law, whether the Hertz rental agreement extended UM coverage to guest passengers in the automobile. Therefore, we turn to the language of the rental agreement between Hertz and Bennie Matthews, which in pertinent part provides:
Within the limits stated in this paragraph, Hertz will indemnify, hold harmless, and defend You and any Authorized Operators FROM AND AGAINST LIABILITY TO THIRD PARTIES, EXCLUDING ANY OF YOUR OR ANY AUTHORIZED OPERATOR'S FAMILY MEMBERS RELATED BY BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM, FOR BODILY INJURY, INCLUDING DEATH AND PROPERTY DAMAGE. THE LIMITS OF THIS PROTECTION, INCLUDING OWNER'S LIABILITY, ARE THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE ACCIDENT OCCURS, UNLESS HIGHER LIMITS APPLY FOR THE CDPID NUMBER RATE PLAN SHOWN ON THE RENTAL RECORD, IF THE ACCIDENT RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THIS AGREEMENT. (THE HERTZ OPTIONAL SERVICES BROCHURE, AVAILABLE AT ANY RENTAL LOCATION, SHOWS EACH STATE'S LIMIT.) This will conform to the basic requirements of any applicable "No Fault" law BUT DOES NOT INCLUDE "UNINSURED MOTORIST," "UNDERINSURED MOTORIST," "SUPPLEMENTARY NO FAULT" OR ANY OTHER OPTIONAL COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU HEREBY REJECT THE INCLUSION OF ANY SUCH COVERAGE. If such coverage is imposed by operation of law, then the limits of such coverage will be the minimum required by the law of the jurisdiction in which the accident occurs. Hertz warrants that the protection described in this paragraph is primary with respect to any insurance coverage You or an Authorized Operator may have.
In Louisiana, the issuance of UM insurance is governed by La.Rev.Stat. Ann. 22:1406, which in pertinent part provides:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect *816 to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage....
Uninsured motorist coverage embodies a strong public policy in this state. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987); A.I.U. Insurance Co. v. Roberts, 404 So.2d 948 (La.1981); Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979). In Roger, we recognized that:
[t]he object of the statute is to promote recovery damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as an additional or excess coverage when he is inadequately insured.
To carry out this objective of providing reparation for those injured through no fault of their own, this Court has held the statute is to be liberally construed. Thus, the requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected.
Roger v. Estate of Moulton, 513 So.2d 1126, 1130. (citations omitted).
The plain language of La.Rev.Stat. Ann. 22:1406(D)(1)(a) requires UM coverage on policies of automobile insurance issued in this state. However, UM coverage is not required when an insured named in the policy makes a written rejection of UM coverage or selects limits lower than the liability limits of the policy. This Court has held that the insurer must place the insured in a position to make an informed rejection of UM coverage. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992); Henson v. Safeco Insurance Companies, 585 So.2d 534, 539 (La.1991). "[T]he form used by the insurance company must give the applicant the opportunity to make a `meaningful selection' from his options provided by the statute: (1) UM coverage equal to the bodily injury limits in the policy, (2) UM coverage lower than the bodily limits in the policy, or (3) no UM coverage." Tugwell, 609 So.2d 195, 197.
The Hertz rental agreement purports to reject UM coverage for the lessee and any authorized operators. However, the Hertz agreement does not place an insured in a position to make an informed rejection of UM coverage; nor does it give the lessor any options concerning UM coverage. The agreement contains a blanket rejection of UM coverage, with the only exception being UM coverage imposed by operation of law. There is no opportunity for a lessee to select coverage equal to the bodily limits, lower than the bodily limits, or to reject coverage in the Hertz agreement. In Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, 1215, we recognized that a form does not meet the statutory requirements if it fails to inform the applicant of an available option or forecloses an available option. As such, the rental agreement between Hertz and Bennie Matthews does not contain a valid rejection of UM coverage. Absent a valid rejection, UM coverage will be read into the policy. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987); A.I.U. Insurance Co. v. Roberts, 404 So.2d 948 (La. *817 1981). Therefore, we read the rental agreement between Hertz and Bennie Matthews to contain UM coverage in an amount not less than the limits of bodily injury liability contained in the policy.
We now turn to the question of whether this UM coverage applies only to insureds or whether it extends to guest passengers in the rented vehicle. La.Rev. Stat. Ann. 22:1406(D)(1)(a) mandates UM coverage for the "protection of persons insured" under automobile liability policies in this state. We have previously held that La.Rev.Stat. Ann. 22:1406 requires that insurance policies provide uninsured motorist coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731, 734 (La.1976). In Howell v. Balboa Insurance Co., 564 So.2d 298 (La. 1990), we held that "any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist." Although our decision in Howell addressed the issue of whether UM coverage for an insured is limited to instances involving a relationship to an insured vehicle, the holding is nonetheless applicable to the instant situation. From both a statutory and jurisprudential standpoint, an insurer is only required to extend UM coverage to those persons who are insured under the liability policy. The Courts of Appeal have adhered to this line of jurisprudence requiring a person seeking to recover under UM coverage to be an insured under the policy. See Armand v. Rhodes, 96-15 (La.App. 3rd Cir. 12/11/96), 685 So.2d 546; Hobbs v. Rhodes, 95-1937 (La.App. 4th Cir. 11/30/95), 667 So.2d 1112; Earles v. Inchausti, 95-269 (La.App. 5th Cir. 5/10/95), 656 So.2d 1048; Guedry v. Fromenthal, 633 So.2d 287 (La.App. 1st Cir.1993); Zanca v. Breaux, 590 So.2d 821 (La.App. 4th Cir.1991); Haltom v. State Farm Mutual Auto. Insurance Co., 588 So.2d 792 (La. App. 2nd Cir.1991).
While the First Circuit correctly distinguished this case factually from the line of cases holding that UM coverage only extends to insureds under the policy, the Court was incorrect in concluding that those factual differences mandated a different outcome. Specifically, the fact that this case involves an improper rejection of UM coverage does not alter the requirements of La.Rev.Stat. Ann. 22:1406(D)(1)(a). Further, the language "damages suffered by an insured and/or the passengers in the insured's vehicle" in La.Rev.Stat. Ann. 22:1406(D)(2)(b) does not extend UM coverage to passengers.[3] This statutory provision was originally enacted by Act 137 of 1972 and amended by Act 154 of 1974 to broaden "the language of the uninsured motorist statute to provide protection to liability insurance policyholders against an `underinsured motorist' in addition to the uninsured driver." Walker v. Landry, 336 So.2d 951, 952 (La. App. 3rd Cir.1976). This language expands the definition of uninsured motor vehicle to include an insured vehicle when the damages suffered exceed the amount of liability coverage on the vehicle; it does not impose an additional requirement on insurers to provide UM coverage to insureds and their guest passengers.
It seems the decision rendered by the Fourth Circuit Court of Appeal in Johnson v. Davis, 96-2463 (La.App. 4th Cir. 6/25/97), 697 So.2d 311, correctly resolves the issue of whether a car rental policy provides UM coverage to insureds and *818 guest passengers. In Johnson, the court was faced with virtually identical factual circumstances; a party rented a vehicle from Budget Rent A Car Systems and was involved in an accident with an uninsured/underinsured motorist. At the time of the accident, the plaintiffs were guest passengers in the Budget vehicle and were not listed as insureds under the agreement. The Fourth Circuit adhered to the clear wording of La.Rev.Stat. Ann. 22:1406(D)(1)(a) requiring an insurer to provide UM coverage for the protection of insureds unless such coverage is validly rejected, in finding that Budget had failed to obtain a valid rejection of UM coverage. However, the court declined to follow the decision in Puckett v. Hertz Corp., 535 So.2d 511 (La.App. 2nd Cir.1988), which found the failure of the car rental agency to obtain a valid rejection extended UM coverage to insureds and guest passengers.
Instead the Court determined that "if a guest passenger is not an insured, the failure to offer UM coverage does not make the guest passenger an insured." Johnson, 697 So.2d 311, 319. The court also recognized the unique status of car rental agencies and that a person renting a car does not have the reasonable expectation of the broad coverages one might expect in a personal insurance policy. In light of this status and the fact that there is no public policy against excluding guest passenger UM coverage when the guest passengers are not insureds, the Fourth Circuit denied UM coverage to the plaintiffs/guest passengers.

CONCLUSION
In Hearty v. Harris, 574 So.2d 1234, 1242 (La.1991), we acknowledged that while "`automobile liability policies' are issued primarily for the protection of the public rather than the insured, it is not the public policy of this state to protect and provide compensation to injured persons at all times." There we held that self-insured rental car agencies may provide liability coverage without providing Omnibus coverage. We now hold that self-insured rental car agencies are required to provide uninsured motorist coverage to insureds under the rental agreement unless a valid rejection giving the lessee a meaningful selection from his statutorily provided options is executed. This mandatory UM coverage does not extend to guest passengers in the rental vehicle unless they are covered as insureds under the rental agreement.

DECREE
For the aforementioned reasons, the judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Justice, dissenting.
The purpose of the Compulsory Motor Vehicle Liability Security Law, embodied in La. R.S. 32:861 et seq., is to protect innocent accident victims. Hearty v. Harris, 574 So.2d 1234, 1244 (La.1991) (Dennis, J., dissenting). Similarly, the purpose of La.R.S. 22:1406, or UM legislation, is "to promote full recovery for innocent automobile accident victims by making uninsured motorist coverage available for their benefit." Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). Ownership of an automobile mandates insurance coverage of at least the statutory minimum and the requisite UM protection or statutory waiver. There is no such imposition of coverage on operators of vehicles leased from a self-insurer, however, because operator/lessees are not required to own vehicles. Hearty v. Harris, 574 So.2d 1234 (La.1991). Therefore, operator/lessees who do not own their own vehicles provide insurance protection to themselves and others only to the extent provided by, in this case, the self-insured lessor.
*819 The majority concludes that unilateral rejection of UM coverage by the self-insurer does not comport with the statutory provisions regarding waiver of UM coverage for the operator/lessee, yet declines to extend UM protection to the injured guest passengers of an authorized driver. To the extent that operator/lessees are not required to own vehicles, declining to extend UM protection to guest passengers when there has been no valid waiver of UM protection in my view circumvents the UM requirements of La.R.S. 22:1406(D). The purpose of the statute is to protect all members of the motoring public. Martin v. Champion Ins. Co., 95-0030 (La.6/30/95), 656 So.2d 991, 994 ("The purpose of this statute is to promote full recovery for innocent accident victims by making UM coverage available for their benefit."); Cangelosi v. Allstate Ins. Co., 96 0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2568 (La.12/13/96), 692 So.2d 375 ("The purpose of the UM statute is to promote the recovery of damages for innocent victims of automobile accidents when the tortfeasor is either uninsured or underinsured."); Mixon v. Progressive Specialty Co., 29,698 (La.App. 2 Cir. 6/18/97), 697 So.2d 662, 664; McCoy v. State Farm Mut. Auto. Ins. Co., 95-689 (La.App. 3 Cir. 11/2/95), 664 So.2d 572; Quittem v. National Car Rental Systems, Inc., 582 So.2d 1337(La.App. 4 Cir.1991); Herman v. Rome, 95-666 (La. App. 5 Cir. 1/17/96), 668 So.2d 1202.
The majority's decision to extend UM coverage to a non-owner lessee but to exclude from UM protection the guest passengers is arbitrary and without rationale. The result flies in the face of the statutory purpose. For these reasons, I respectfully dissent.
NOTES
[*] Lemmon, J., not on panel. See Rule IV, Part 2, Sec. 3.
[1] The use of "uninsured motorist coverage" or "UM coverage" should be deemed to read "uninsured or underinsured motorist coverage."
[2] La.Rev.Stat. Ann. 32:1042 in part provides:

A. Any person in whose name more than twenty-five motor vehicles are registered or who owns property in Louisiana assessed in his name having a value of one hundred thousand dollars or more after deducting any encumbrances thereon from its assessed valuation may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the assistant secretary of the office of motor vehicles as provided in Subsection B of this Section.
B. (1) The assistant secretary may, at his discretion, upon the application of such a person, issue a certificate of self-insurance when he is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person.
[3] La.Rev.Stat. Ann. 22:1406(D)(2)(b) provides:

For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.