JiFOGG, J.
In this tort action, plaintiffs, William Crotwell and Jennifer Bruhl, appeal the trial court’s granting of summary judgment in favor of defendant, Tina and Tao, Inc. For the following reasons, we reverse and remand.
On October 5, 1997, at approximately 12:01 a.m., Crotwell and Bruhl were guest passengers in a car operated by Erica M. Blythe traveling southbound on Old Perkins Road in Baton Rouge, Louisiana. At the same time, Harold Griffin was operating a pickup truck westbound on Louisiana Highway 42 (Highland Road). As Blythe *1229 approached the intersection of Old Perkins Road and La. Highway 42, she failed to stop at the stop sign governing the intersection and collided with the vehicle driven by Griffin. Crotwell and Bruhl, as well as Blythe, sustained severe injuries in the crash.
Crotwell and Bruhl filed separate petitions for damages against Tina and Tao, Inc.,[2] alleging that the corporation, which owned the parcel of land located on the northeast corner of the intersection of Old Perkins Road and La. Highway 42, contributed to the accident by failing to trim bushes, shrubs and foliage located on the property, which obstructed Blythe’s view and prevented her from anticipating the intersection. The suits later were consolidated. Thereafter, defendant filed a motion for summary judgment, which was granted by the trial court. Plaintiffs appeal.[3]
|4A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo, under the same criteria that governs the trial court’s consideration of whether a summary judgment is appropriate. Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812.
The initial burden of proof is on the mover to show that no genuine issue of material fact exists. Once the mover has made a prima facie showing that the motion should be granted, if the non-mover bears the burden of proof at trial on the issue before the court, the burden shifts to that party to present evidence demonstrating that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). Pursuant to the Louisiana Supreme Court’s decision in Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, expert opinion testimony in the form of affidavit or deposition may be considered in support of or in opposition to a motion for summary judgment.
In support of its motion for summary judgment, defendant presented the affidavit of its vice president, Tao Van Vu, to which photographs of the subject property were attached. Plaintiffs submitted very similar photographs of the subject property attached to the deposition of Trooper Dustin Dinnat, who investigated the accident. The parties do not dispute the condition of the property as depicted in the photographs submitted both in support of and in opposition to the motion for summary [ ¡judgment. In opposition to the motion, plaintiffs also submitted the affidavit of James R. Clary, Sr. Clary, who previously had been qualified as an expert in civil engineering and land surveying, highway design, highway signing, highway safety and maintenance, and subdivision development, inspected defendant’s property and concluded that the corporation “failed to properly maintain the roadside portion of [its] property by allowing brush, *1230 shrubs, and foliage to obstruct the vision of motoristas] negotiating said intersection.”
Plaintiffs brought this action against defendant under theories of strict liability and negligence. Causation is an essential element of both theories of recovery. See LSA-C.C. arts. 2315 and 2317.1. Therefore, a critical issue is whether the condition of the bushes, shrubs and foliage located on the property caused plaintiffs’ damages.
The trial court granted the motion after carefully examining the evidence, particularly the photographs of defendant’s property submitted by both parties, and determining that “there is no obscurement as shown from those photographs.” However, the trial judge cannot make credibility determinations on a motion for summary judgment and must not attempt to evaluate the persuasiveness of competing scientific studies. Independent Fire, 99-2181, 99-2257 at pp. 16-17, 755 So.2d at 235-36. In the instant case, Clary based his opinion on a visual inspection of the intersection and concluded that the brush, shrubs and foliage on the roadside portion of the property obstructed the view of motorists negotiating that intersection. Considering Clary’s expertise in the fields of highway safety and maintenance, his testimony was clearly sufficient for plaintiffs to carry their burden of demonstrating that they will be able to satisfy their evidentiary burden of proof at trial. See LSA-C.C.P. art. 966(C)(2). | «Therefore, the trial judge erred in granting defendant’s motion for summary judgment.
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Tina and Tao, Inc. is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Tina and Tao, Inc.
REVERSED AND REMANDED.

. The petitions incorrectly identified this defendant as Tina Ann Tao and named as additional defendants Blythe, Mary Agnew, the State of Louisiana, through the Department of Transportation and Development, the City of Baton Rouge, and the Parish of East Baton Rouge.

. After the appeal was lodged with this court, we filed a rule to show cause why the appeal should not be dismissed as a partial judgment under LSA-C.C.P. art.1915 as it disposed of less than all of the parties. However, on August 10, 1999, the trial court signed an order designating the summary judgment entered in favor of Tina and Tao, Inc. as a final judgment, in compliance with that codal article.